UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re<br><br>FPI LIQUIDATION CORP.,<br><br>Debtor. | Chapter 11<br><br>Case No. 11-10338 (RAG) |
| EDWARD T. GAVIN, as Trustee of the FPI Liquidating Trust,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN PAPER AND TISSUE, LLC,<br><br>Defendant. | Adv. Pro. 12-_____ |

**COMPLAINT TO AVOID PREFERENTIAL TRANSFERS, TO RECOVER PROPERTY AND FOR RELATED RELIEF**

Edward T. Gavin, as Trustee of the FPI Liquidating Trust (the "Plaintiff" or "Liquidating Trust"), by and through undersigned counsel of record, as and for its Complaint to Avoid Preferential Transfers, to Recover Property and for Related Relief ("Complaint") against Lincoln Paper and Tissue, LLC ("Defendant"), alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 502(d), 547 and 550 of title 11 of the United States Code, 11 U.S.C. et seq. (the "Bankruptcy Code").

## BACKGROUND AND PARTIES

4. On January 6, 2011 (the "Petition Date"), the above-captioned debtor (the "Debtor") commenced this case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On the Petition Date, the Debtor also filed certain motions and applications seeking certain "first day" orders. The factual background relating to the Debtor's commencement of the Chapter 11 Case is set forth in the Affidavit of J. Michael Lane in Support of First-Day Motions [Dkt. No. 9].

5. On August 3, 2011, the Debtor filed the Debtor's Chapter 11 Plan of Liquidation (as amended, the "Plan") [Dkt. No. 447].

6. On February 9, 2012, the Bankruptcy Court entered an Order confirming the First Amended Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code (as amended, the "Confirmation Order") [Docket No. 719].

7. Pursuant to the Plan, the Confirmation Order and Liquidating Trust Agreement executed and approved by the Court in connection therewith, the Liquidating Trust was created, and the Liquidating Trustee was charged with the duties and responsibilities, and vested with the authority and powers, to implement and consummate all provisions of the Plan, subject to the terms of the Liquidating Trust Agreement, including, but not limited to, prosecution of affirmative claims of the estate, including, but not limited to, claims asserted under chapter 5 of the Bankruptcy Code, and to litigate claims asserted against the Debtor.

8. Upon information and belief, Defendant Lincoln Paper and Tissue, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 50 Katadin Avenue Lincoln, ME 04457.

## THE BUSINESS RELATIONSHIP BETWEEN THE DEBTORS AND DEFENDANT

9. At all times material hereto, the Debtor was in the business of producing and distributing paper, paper products and office products. The Debtor operated two internal business divisions, known as "Fine Paper" and "Office Products." The Debtor sold its Fine Paper division within the 90 days prior to the Petition Date, and used the proceeds to pay outstanding obligations, arising out of the Fine Paper division, to several of its vendors, including Defendant. Following the sale of the Fine Paper division, the Debtor continued to operate the Office Products division.

10. In the ordinary course of its business, the Debtor maintained relationships with various entities, through which the Debtor regularly purchased, sold, received, or delivered goods and services. The Debtor also regularly paid for a variety of services, *inter alia,* to facilitate its inventory, for shipping, for transportation, and for warehousing.

11. The Debtor purchased paper and related products from the Defendant for use in its Fine Paper division.

12. During the course of their relationship, the parties engaged in numerous transactions that are reflected in invoices, communications and other documents (collectively, the "Agreements").

13. The Debtor and Defendant conducted business with one another up to and through the Petition Date pursuant to the Agreements.

### Transfers to Defendant Made Within 90 Days Prior to the Petition Date

14. During the 90-day period prior to the commencement of Debtor's bankruptcy case (the "Preference Period"), the Debtor transferred property to or for the benefit of Defendant through payments aggregating an amount not less than $510,000.00. The details of

each and every one of the transfers (collectively, the "Transfers"; each individually a "Transfer") are set forth on **Exhibit A**, which is attached hereto and incorporated by reference. All of the prepetition Transfers that are the subject of the Complaint were made from the Debtor's bank account at Wachovia Bank, Commercial Banking – MD, Account *********0915 (the "Wachovia Account").

## FIRST CAUSE OF ACTION

### (Avoidance of Preferential Transfers -- 11 U.S.C. § 547)

15. The Plaintiff repeats and realleges each of the allegations contained in above paragraphs 1 through 14, as though fully set forth at length.

16. During the Preference Period, the Defendant was a creditor of the Debtor, by virtue of supplying goods for which the Debtor was obligated to pay following delivery, in accordance with the Agreements. All payments by the Debtor on the Defendant's invoices were paid from the Wachovia Account as described above.

17. Each Transfer identified in **Exhibit A** was made by the Debtor to the Defendant.

18. Each Transfer identified on **Exhibit A** was made to or for the benefit of the Defendant, as payment for goods purchased by the Debtor from Defendant.

19. Each Transfer was made for or on account of an antecedent debt or debts owed by the Debtor to the Defendant before such Transfers were made, as asserted by the Defendant and memorialized in the invoices identified in **Exhibit A**, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of the Defendant prior to being paid by the Debtor.

20. Each Transfer was made by the Debtor during the Preference Period.

21. Each Transfer was made while the Debtor was insolvent (as that term is defined and used in §§ 101(32) and 547 of the Bankruptcy Code).

22. Unsecured non-priority creditors will not receive payment in full on their claims in this case. As a result, each Transfer enabled Defendant to receive more than Defendant would have received if (i) the Transfer had not been made, (ii) the case were a case under chapter 7 of the Bankruptcy Code, and (iii) Defendant received payment on account of the debt paid by the Transfer to the extent provided by the Bankruptcy Code.

23. Each Transfer constitutes an avoidable preference pursuant to § 547(b) of the Bankruptcy Code.

## SECOND CAUSE OF ACTION

### (Recovery of Property under 11 U.S.C. § 550)

24. The Plaintiff repeats and realleges each of the allegations contained in above paragraphs 1 through 23, as though fully set forth at length.

25. The Defendant is the initial transferee of each of the Transfers, as the Transfers were made directly to Defendant by check or wire transfer as reflected in **Exhibit A**.

26. As alleged above, Plaintiff is entitled to avoid each of the Transfers under section 547 of the Bankruptcy Code. As the Defendant is the initial transferee of the Transfers, Plaintiff is entitled to recover for the estate the proceeds or value of the Transfers under 11 U.S.C. § 550.

*[balance of page left intentionally blank]*

### THIRD CAUSE OF ACTION

### (Objection to Claim - Disallowance under §502(d))

27. The Plaintiff repeats and realleges each of the allegations contained in above paragraphs 1 through 26, as though fully set forth at length.

28. Defendant alleges that certain amounts are owed to it by Debtor pursuant to Claim Number 72-1 in the amount of $133,758.09 (the "Claim").

29. As alleged above, each Transfer constitutes an avoidable preference pursuant to § 547(b) of the Bankruptcy Code, which is recoverable pursuant to § 550 of the Bankruptcy Code.

30. Defendant has not paid the amount, or turned over the property sought to be avoided and recovered by Plaintiff.

31. Accordingly, pursuant to § 502(d) of the Bankruptcy Code, the Claim must be disallowed.

WHEREFORE, the Plaintiff seeks a judgment as follows:

(a) For a determination that the Transfers are avoidable as preferential transfers under Section 547 of the Bankruptcy Code, and that Plaintiff is entitled to recover the transfers under Section 550 of the Bankruptcy Code;

(b) For disallowance of the Claim until such time as Defendant pays the Liquidating Trust in full for the total amount of the avoided Transfers;

(c) For costs of suit incurred herein, including, without limitation, attorneys' fees;

(d) For pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law; and

    (e)    For such other and further relief as the Court may deem just and proper.

    Respectfully submitted,

    <u>/s/ Stephen B. Gerald</u>
    Brent C. Strickland
    Stephen B. Gerald, Bar No. 26590
    Whiteford, Taylor, & Preston L.L.P.
    Seven St. Paul Street
    Baltimore, MD 21202
    Telephone: (410) 347-8700
    E-mail: bstrickland@wtplaw.com
          sgerald@wtplaw.com

    Andrew W. Caine
    Michael R. Seidl
    919 North Market Street
    P.O. Box 8705
    Wilmington, DE  19899-8705 (Courier 19801)
    Telephone: (302) 652-4100
    Facsimile: (302) 652-4400
    E-mail: rfeinstein@pszjlaw.com
          acaine@pszjlaw.com
          mseidl@pszjlaw.com

    Attorneys for Plaintiff
    Edward T. Gavin, as Trustee of the FPI Liquidating Trust

# EXHIBIT A

FPI Liquidation Corp.
f/k/a Frank Parson, Inc., Case No. 10338

Preference Payment Analysis

| Vendor Number | Vendor Name | Address 1 | Address 2 | City | State | Zip | Payment Amount | Payment Date | Check #/ACH | Clear Date |
|---|---|---|---|---|---|---|---|---|---|---|
| 102 | LINCOLN PAPER AND TISSUE, LLC | 2146 Paysphere Circle | | Chicago | IL | 60674 | 255,000.00 | 10/11/2010 | ACH/WIRES | 10/11/2010 |
| 102 | LINCOLN PAPER AND TISSUE, LLC | 2146 Paysphere Circle | | Chicago | IL | 60674 | 255,000.00 | 10/21/2010 | ACH/WIRES | 10/21/2010 |
| | | | | | | Total: | 510,000.00 | | | |

Page 1 of 1